UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ROBERT PAYNE, d/b/a PAYNES PRODUCTS, PAYNES FORKS, PAYNES TOOLS, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:13-CV-109 JD |
| NORTHERN TOOL & EQUIPMENT COMPANY, INC., and NORTHERN TOOL & EQUIPMENT CATALOG COMPANY | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is the Defendant Northern Tool's motion to dismiss or to exclude evidence. Defendant argues that the Plaintiff, Robert Payne, failed to timely serve his Rule 26(a)(1) initial disclosures, even after the Court granted a motion to compel production of those disclosures, and that the disclosures he finally served were deficient, thus warranting sanctions under Rule 37. For the following reasons, the motion is GRANTED in part and DENIED in part.

**I. FACTUAL BACKGROUND**

Payne initiated this trademark infringement action on March 27, 2013, alleging that after Northern Tool terminated its distribution agreement, it continued marketing his product and fulfilled its orders with competing products. The parties held their Rule 26(f) conference on December 12, 2013, and agreed that they would serve their Rule 26(a)(1) initial disclosures by January 17, 2014. The Rule 16 conference was held before the magistrate judge on December 20, 2013, and the Court set the discovery deadline as December 31, 2014. Northern Tool served its disclosures on January 17, 2014, as agreed, but heard nothing from Payne. After sending several

emails and leaving a voicemail from Payne's counsel without receiving any response, Northern Tool filed a motion to compel on March 24, 2014, asking the Court to compel Payne to serve his initial disclosures. Payne did not respond to that motion, so on May 2, 2014, the Court granted the motion to compel and ordered Payne to serve his initial disclosures within 14 days. The Court also directed Northern Tool to submit an affidavit detailing the attorneys' fees it incurred in bringing the motion. [DE 35].

The 14 days came and went, again without response from Payne. On June 30, 2014, counsel for Northern Tool emailed Payne's counsel, stating that if Payne did not serve its disclosures, Northern Tool would move to dismiss. Payne's counsel responded by email on July 2, 2014, and stated that he "had a heart attack back in January and surgery thereafter," and that he was "just now getting back to normal." [DE 40 p. 8]. Payne finally served the disclosures on July 8, 2014. However, where the disclosure calls for a party to compute each category of damages it is seeking, the disclosure states "N/A." [DE 40 p. 5]. Further, as to individuals who are likely to have discoverable information, the disclosure only identifies two witnesses: the Plaintiff himself, and a single Northern Tool employee whose last name is unknown. [*Id.* at 3]. Viewing these disclosures as not only untimely but deficient, Northern Tool moved to dismiss this action as a sanction under Rule 37(b) and (c), or in the alternative, to strike Payne's claim for damages based on his indication that damages were not applicable.

Payne did not respond to the motion within the allotted timeframe, but the Court held a status conference on October 29, 2014, which counsel for both parties attended by telephone. As to the timeliness of the motion, Payne's counsel offered no excuse for the late disclosures, but explained that he has had a series of health problems and other extenuating personal circumstances during this time. He also noted that the disclosure was not meant to imply that

Payne was not seeking damages by responding "N/A" to that item. Rather, he did not yet have a precise calculation of the damages, and the Complaint already specified what categories of damages that Payne was seeking, so because he had no new information to disclose, he responded "N/A." He also indicated that the list of witnesses is complete to Payne's knowledge. Finally, the parties noted at the status conference that, despite being over 10 months into the discovery period, neither party had conducted any formal discovery at all. Thus, they requested an extension of 5 months should the Court decline to dismiss the case.

## II. DISCUSSION

Northern Tool seeks sanctions under Rule 37(b), for Payne's failure to comply with the Court's order on the motion to compel, and under Rule 37(c), for Payne's failure to timely serve complete disclosures as required by Rule 26(a)(1). Northern Tool first requests that the Court impose the sanction of dismissal, but asks in the alternative that the Court exclude any evidence of damages. It also seeks an award of the attorneys' fees and expenses it incurred in bringing this motion.

Under Rule 37(b), a Court may impose sanctions against a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Those sanctions may include, but are not limited to, directing that designated facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting certain claims or introducing certain evidence, striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action, and holding the disobedient party in contempt. *Id.* Rule 37(b) also allows a movant to recover its attorneys' fees caused by the failure to comply with an order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Likewise, Rule 37(c) authorizes a court to impose sanctions where a party "fails to provide information or identify a witness as required by Rule 26(a) or

(e)." Fed. R. Civ. P. 37(c)(1). The typical remedy for such failures is to bar the use of any non-disclosed information or witnesses, though the Court may also impose other sanctions, including those specified under Rule 37(b) (except for contempt). *Id.*; *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.").

In order to impose dismissal as a sanction under either of these rules, the Court must find by clear and convincing evidence that Payne "displayed willfulness, bad faith, or fault." *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003) ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."). "[D]ismissal is a harsh sanction, and its use should be limited." *Vlasek v. Nemitz*, 70 F. App'x 363, 366 (7th Cir. 2003). Though a court "need not impose lesser sanctions before resorting to dismissal," *id.*, it must consider whether any lesser sanctions would be appropriate. *Maynard*, 332 F.3d at 468.

Here, Payne failed to comply with the Court's order to produce his initial disclosure within 14 days—serving them nearly 2 months after that deadline—and even now, the disclosure is deficient at least as to its computation of damages. Payne's failures to comply with this Court's order and his obligations under the federal rules are not justified. The Court is sympathetic to counsel's extenuating circumstances, but as counsel readily acknowledged, none of them were of a nature that would have prevented him from alerting opposing counsel and the Court and requesting extensions of time. Nonetheless, the Court does not find that the extreme sanctions of dismissal or of striking Payne's claim for damages are warranted here, as the failures did not cause the degree of harm that would justify those sanctions.

First, though the disclosure was late and deficient, Northern Tool has not shown that it was prejudiced in any meaningful way by those failures. As to Payne's claim for damages, the Complaint is fairly detailed as to the damages Payne is seeking and on what basis. Though the Complaint does not indicate the amount of those damages, which should have been contained in the disclosure, Northern Tool is in a much better position than Payne to assess those amounts, as Payne is primarily seeking rescission of the profits Northern Tool earned by palming off its products as his. Likewise as to the disclosure's identification of witnesses and documents, the majority of witnesses and discoverable documents in this action are likely to be within Northern Tool's possession or control already, as the central factual dispute in this matter is whether Northern Tool fulfilled orders for Payne's products with competing goods. Northern Tool is better positioned than Payne to identify witnesses and documents on that subject, and has not indicated what information, if any, it was relying on Payne to disclose in order to be able to conduct discovery.[1] Moreover, Payne stands by the disclosure of just two witnesses.

Second, the only actual harm that will come from Payne's delay in providing adequate disclosures is the need to extend the discovery deadline, but Northern Tool is not prejudiced by that delay. Even though discovery closes in just over one month, Northern Tool has not served any formal discovery or prosecuted this matter at all, outside of seeking Payne's initial disclosures. Counsel for Northern Tool explained that he did not want to expend resources on discovery while this motion to dismiss was pending, but that is not an acceptable reason. Counsel for both parties share an obligation to proceed diligently with litigation, and one party's failure to

---

[1] Northern Tool also argues that dismissal is warranted because it "deserves to be released from the obligation of defending what in all likelihood is a frivolous lawsuit." However, the Court has no reason to believe at this point that this lawsuit is frivolous.

do so or the pendency of a dispositive motion do not excuse the other party from its obligation.[2] In any event, Northern Tool's own tactical decision not to pursue discovery pending the resolution of the motion for sanctions cannot be attributed to Payne so as to justify granting the motion.

The Court therefore concludes that dismissal is not appropriate as a sanction under these circumstances. Additionally, Northern Tool has not established that it was harmed by Payne's disclosures to the extent that would justify striking his claim for damages, and any harm can be eliminated by lengthening the discovery period, which will be necessary anyway given that neither party has conducted any discovery even as to liability. The Court therefore denies Northern Tool's motion in that respect. However, Payne's disclosures are still deficient, so the Court grants the motion in part, and orders Payne to supplement his Rule 26(a)(1) disclosures within 14 days. The supplemented disclosures must fully respond to all items required under Rule 26(a)(1) to the best of Payne's knowledge, even if his current knowledge is incomplete, including a computation of all categories of damages he is seeking. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . .").

Because Northern Tool has achieved at least partial success on its motion, and because Payne's failure to produce adequate disclosures has necessitated a second motion by Northern Tool, the Court also finds that an award of attorneys' fees is appropriate for Northern Tool's

---

[2] In addition, if Northern Tool had served discovery and Payne failed to respond, it would have further developed the record in support of dismissal. (See *Bray v. United Water*, No. 2:10-cv-157, 2011 WL 1792847 (N.D. Ind. May 10, 2011), on which Northern Tool relies, where the court dismissed the case as a discovery sanction after the plaintiff failed to comply with two court orders *and* failed to produce documents in response to a discovery request.) Having not done so, the only prejudice in the record is a delay for which Northern Tool is also at fault.

expense in bringing this motion. Northern Tool is therefore directed to file within 14 days an affidavit detailing the fees that it incurred in bringing this motion. If Payne wishes to object to the amount of fees, it may do so within 14 days thereafter. The Court also invites the parties to discuss what portion of the time spent on this motion should be compensated, given Northern Tool's modest degree of success compared to the relief it sought. This fee award will not include any time that counsel spent in relation to the previous motion to compel, as Magistrate Judge Rodovich has already awarded fees for that motion; however, if Payne has not yet paid that award, he should do so immediately.

Finally, both parties represented at the status conference that they can complete discovery within 5 months from the time the Court rules on this motion. Accordingly, the Court extends the discovery period through May 1, 2015. Any motions to extend the discovery period beyond that date must be approved by the undersigned. Given the already-lengthy discovery period and both parties' lack of diligence thus far, the Court does not anticipate granting any such motions without exceptional cause.

### III.  CONCLUSION

Northern Tool's motion [DE 38] is GRANTED in part and DENIED in part. The Court DENIES Northern Tool's request to dismiss this case or exclude evidence of damages. However, the Court ORDERS the Plaintiff to supplement his Rule 26(a)(1) disclosures within 14 days, completing all of the required items to the best of his current knowledge. The Court also ORDERS that the discovery period is extended through May 1, 2015. Any further extensions to the discovery period must be approved by the undersigned, and will not be granted absent exceptional circumstances. Finally, the Court DIRECTS Northern Tool to file an affidavit detailing any attorneys' fees and costs it has incurred relative to this motion, within 14 days. Payne may respond within 14 days of Northern Tool's filing.

SO ORDERED.

ENTERED:  November 18, 2014  

                                       /s/ JON E. DEGUILIO  
                                  Judge  
                                  United States District Court