UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT PAYNE, d/b/a PAYNES PRODUCTS, PAYNES FORKS, PAYNES TOOLS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:13-CV-109 JD ) |
| NORTHERN TOOL & EQUIPMENT COMPANY, INC., and NORTHERN TOOL & EQUIPMENT CATALOG COMPANY | ) ) ) ) ) |
| Defendants. | ) ) |

## **OPINION AND ORDER**

Now before the Court is the Defendant Northern Tool's second motion to dismiss or to exclude evidence. [DE 47]. The Court denied Northern Tool's first motion because, although Plaintiff Robert Payne had failed to serve complete initial disclosures as required by Rule 26(a)(1) and as ordered by the Court, his failure to do so had not prejudiced Northern Tool to the extent that would justify dismissal of this case. Since that order, Payne has still not served complete disclosures and has also failed to respond to discovery propounded by Northern Tool, so Northern Tool has renewed its motion. Given the history of this case, the Court concludes that no sanction short of dismissal would be appropriate, so Northern Tool's motion is granted and this action is dismissed with prejudice.

### I. FACTUAL BACKGROUND

The Court recited the factual history of this case in its previous order on Northern Tool's motion for sanctions. [DE 45; *Payne v. Northern Tool & Equip. Co., Inc.*, 2014 WL 6473427 (N.D. Ind. Nov. 18, 2014)]. Briefly, Payne had failed to serve his initial disclosures by the

deadline the parties had agreed on, so Northern Tool had to file a motion to compel. The Court granted that motion on May 2, 2014 and ordered Payne to serve his initial disclosures within 14 days. Payne did not actually serve the disclosures until July 8, 2014, though. The disclosures also only listed two witnesses, and responded "N/A" as to the damages Payne was seeking, so Northern Tool moved for sanctions including dismissal for Payne's violation of the Court's order and of Rule 26(a)(1). Payne did not respond to the motion, but out of courtesy, the Court set the matter for a hearing to allow him to respond.

At the hearing, the Court emphasized to counsel the need to be responsive in discovery and forthright and proactive about any need for additional time should extenuating circumstances arise. Payne's counsel assured the Court that he would be diligent and attentive to this matter, and that he would retain co-counsel if he was unable to meet any deadlines himself. In ruling on the motion to dismiss, the Court found that Payne's disclosures were inadequate, but that dismissal of the case was not yet justified because there was little indication that they had interfered with discovery (since neither party had conducted any) or otherwise caused prejudice. However, the Court ordered Payne to serve complete disclosures within 14 days, by December 2, 2014. The Court also extended the discovery deadline, and cautioned the parties that no further extensions were likely to be granted.

According to affidavits by counsel for Northern Tool, which Payne has not contradicted or responded to, Payne failed to serve his supplemented disclosures by the December 2 deadline, and has not served those disclosures at all. Additionally, Northern Tool served written discovery on November 7, 2014, but Payne has yet to respond to that discovery. After inquiry by Northern Tool's counsel on December 17, 2014, at which point the responses were already overdue, Payne's counsel stated only that he would provide the responses by January 15, 2015. Northern

Tool then renewed its motion to dismiss, arguing that Payne had not only failed to comply with two Court orders to serve his initial disclosures, but had also failed to respond to its written discovery. In the meantime, Payne failed to respond to Northern Tool's discovery even by January 15, 2015, so Northern Tool filed a motion to compel on January 28, 2015. As of that date, Payne had not served his supplemental disclosures or responded to Northern Tool's discovery, and there is no indication that he has done so since. Payne has not responded to the motion to dismiss, and his time to do so has passed.

## II. DISCUSSION

Northern Tool seeks sanctions under Rule 37(b), for Payne's failure to comply with the Court's orders to produce complete disclosures, and under Rule 37(c), for Payne's failure to serve those disclosures as required by Rule 26(a)(1). Northern Tool first requests that the Court impose the sanction of dismissal, but asks in the alternative that the Court exclude any evidence of damages. It also seeks an award of the attorneys' fees and expenses it incurred in bringing this motion.

Under Rule 37(b), a Court may impose sanctions against a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Those sanctions may include, but are not limited to, directing that designated facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting certain claims or introducing certain evidence, striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action, and holding the disobedient party in contempt. *Id.* Rule 37(b) also allows a movant to recover its attorneys' fees caused by the failure to comply with an order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Likewise, Rule 37(c) authorizes a court to impose sanctions where a party "fails to provide information or identify a witness as required by Rule 26(a) or

3

(e)." Fed. R. Civ. P. 37(c)(1). The typical remedy for such failures is to bar the use of any non-disclosed information or witnesses, though the Court may also impose other sanctions, including those specified under Rule 37(b) (except for contempt). *Id.*; *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.").

In order to impose dismissal as a sanction under either of these rules, the Court must find by clear and convincing evidence that Payne "displayed willfulness, bad faith, or fault." *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003) ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."). "[T]he 'fault' required to sustain a dismissal under Rule 37 refers not to the 'non-complying party's subjective motivation,' but to the lack of reasonableness 'which eventually culminated in the violation.'" *Vlasek v. Nemitz*, 70 F. App'x 363, 366 (7th Cir. 2003) (quoting *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997)). "[D]ismissal is a harsh sanction, and its use should be limited." *Id.* Though a court "need not impose lesser sanctions before resorting to dismissal," *id.*, it must consider whether any lesser sanctions would be appropriate. *Maynard*, 332 F.3d at 468.

Here, Payne has failed to comply with two court orders to serve proper Rule 26(a)(1) disclosures, justifying sanctions under Rule 37(b) and (c). In assessing the appropriate sanction, the Court concludes by clear and convincing evidence that Payne's conduct meets the standard for fault as required to justify dismissal, and that no lesser sanction would be appropriate. Payne's disclosures were due over a year ago, and he has failed to comply with two separate orders to serve those disclosures. That is plainly unreasonable. Payne first served his disclosures

six months late, and nearly two months after the deadline ordered by the Court. Even then, the disclosures were incomplete, as they responded "N/A" to the computation of each category of damages Payne was seeking, even though Payne was not disclaiming any damages. Northern Tool moved to dismiss on that basis, and Payne did not file any response to that motion. The Court then again ordered Payne to serve complete disclosures, this time spelling out what they needed to include, and Payne has failed to comply with that order. In addition, Payne has not responded to the motion to dismiss to offer any justification or excuse for this conduct.

Under these circumstances, the Court does not believe that any sanction short of dismissal would be appropriate. Payne has already been ordered twice to provide the information at issue, so the Court has no reason to believe a third order would be successful, particularly in light of the assurances counsel gave to the Court at the last hearing but that he has failed to deliver on. Northern Tool has also been prejudiced in its ability to prepare its defense, as Payne has not only failed to identify the specific damages at issue, but has also failed to respond to Northern Tool's written discovery, which is not limited only to damages. *See Bray v. United Water*, No. 2:10-cv-0157, 2011 WL 1792847, at *4 (N.D. Ind. May 10, 2011) (imposing dismissal as a sanction where the plaintiff failed to comply with two orders to serve his initial disclosures and an order to produce documents). Accordingly, the Court grants Northern Tool's motion to dismiss, and dismisses this case with prejudice. The Court also awards Northern Tool its reasonable attorneys' fees incurred in bringing the motion to dismiss. Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

## III. CONCLUSION

Northern Tool's motion to dismiss [DE 47] is GRANTED, and this case is DISMISSED WITH PREJUDICE. Northern Tool is directed to submit the attorneys' fees it reasonably incurred in bringing this motion within 14 days. Payne may raise any objections to those fees within 14 days thereafter. The Court will then award the appropriate fees for this motion, along with the fees from Northern Tool's previous fee submission, which remains pending. Northern Tool's motion to compel [DE 53] is DENIED as moot. The Clerk is DIRECTED to enter judgment in favor of the defendants.

SO ORDERED.

ENTERED:  February 9, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court